IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTOPHER CROOM,**

    **Plaintiff,**

vs.                                                 Case No. 17–cv–612–DRH

**JACQUELINE LASHBROOK,**
**TRIPP,**
**RODELY,**
**JOHN DOE 1,**
**JOHN DOE 2,**
**JOHN DOE 3, and**
**JOHN DOE 4**

    **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Christopher Croom brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 that allegedly occurred in Menard Correctional Center. Plaintiff seeks declarative relief, monetary damages, and injunctive relief. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is severable.

## The Complaint

Plaintiff was sent to segregation at Menard Correctional Center on February 13, 2017. (Doc. 1, p. 8). Plaintiff's cell was filthy and his mattress was urine-stained, but plaintiff only received "some type of watered-down liquid" once a week to clean it. *Id.* Plaintiff received the same amount cleaning supplies in segregation as he did in general population. *Id.* Plaintiff was also deprived of personal hygiene items, like toothpaste, toothbrush, soap, deodorant, and a change of clothes for 10 days, until he received his personal property. *Id.* Plaintiff asked a C/O for hygiene products, but the C/O responded "ask your homeboys" and "don't come to seg." *Id.* Plaintiff was not permitted to shower for 18 days. *Id.*

Plaintiff was assigned to a two-man cell with 36 square feet of space. *Id.* There is no room to exercise in those cells. *Id.*

The meat at Menard contains soy product. *Id.* As a result of eating the soy, Plaintiff alleges that he has experienced severe stomach pain, gas, constipation, and rectal bleeding. (Doc. 1, p. 9). Plaintiff had x-rays of his stomach taken after

he was "given 2 cups of milk of magnesium laxative." *Id.* The x-ray showed constipation and gas. *Id.* Plaintiff has requested a blood test for hypothyroidism and thyroid hormones, as well as a soy-free diet, but Tripp refused to give him the blood test. *Id.* P.A. Moldenhaur refuses to prescribe Plaintiff a medical diet. *Id.* Plaintiff alleges that he experiences stomach pain and suffering every day and that he has lost weight from attempting to avoid soy. *Id.*

On March 3, 2017 at approximately 12:35 am, plaintiff attempted to jump into the top bunk in his cell and fell. (Doc. 1, p. 10). He landed on the back of his head and split his elbow on the lower bunk on the way down. *Id.* The bunks do not have ladders, and the top bunk is approximately 5 ft. off the ground. *Id.* Plaintiff's cellmate called for help, as there was no call button the cell. *Id.* Plaintiff waited 15 minutes before a guard came to the cell. *Id*. John Doe 2, the shift sergeant came to the cell and then left to consult medical. *Id.* Doe 2 returned and told Plaintiff "medical said they are not coming because it is not an emergency." *Id.* Plaintiff alleges that the medical staff could not have known it was not an emergency because they failed to assess the situation in person. *Id.* Plaintiff received a pass to outpatient care at 8:00 am. (Doc. 1, p. 11). He alleges he was barely able to walk as a result of the incident. *Id.* He tried to complain to Tripp about the incident, but Tripp told him that she was only there to take his blood pressure. *Id.* After complaining about his neck and back, Tripp looked at the back of plaintiff's neck and told him there was nothing she can do. *Id.* She refused to put plaintiff on the list to see the doctor and told plaintiff to put in a

sick call slip. *Id.* Despite putting in 9 sick call slips, plaintiff was not seen until over 3 weeks later. *Id.* Plaintiff was given an x-ray, which was "unremarkable." *Id.* Plaintiff was never given a prescription for the pain, and had to take ibuprofen. (Doc. 1, p. 12). He alleges that he still experiences pain and stiffness in his neck and back. *Id.*

Plaintiff alleges that the guards refuse to pass out grievance forms. *Id.* The law library staff also refuses to copy grievances. *Id.*

Plaintiff alleges that he submitted 13 grievances to counselor Rodely in March and April 2017, and that Rodely only responded to 2 of them. (Doc. 1, pp. 12-13). She ignored the others. (Doc. 1, p. 13).

Plaintiff alleges that he has an enemy at Menard who is incarcerated for murdering Plaintiff's best friend. *Id.* Plaintiff himself is incarcerated for allegedly murdering an associate of the enemy. *Id.* The enemy has threated plaintiff. *Id.*

## Discussion

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into 11 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1 –** Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment was violated when he was confined to a 36 square foot cell, on a filthy pee-soaked mattress and deprived of cleaning supplies, hygiene products, and an opportunity to shower for 18 days;

4

**Count 2** – Plaintiff's health was endangered in violation of the Eighth Amendment by the amount of soy in the prison's diet;

**Count 3** – Tripp was deliberately indifferent to plaintiff's severe stomach pain, gas, constipation, and rectal bleeding when she refused to order a blood test in order to evaluate plaintiff's thyroid function;

**Count 4** – Tripp was deliberately indifferent to plaintiff's injuries after he fell off his bunk on March 3, 2017 when she refused to examine him the next day, ignored his call passes, and refused to prescribe him medication for his pain and stiffness;

**Count 5** – John Doe 3 was deliberately indifferent to plaintiff's serious medical need when he refused to examine plaintiff after he fell of his bunk to determine if he was injured;

**Count 6** – John Doe 2 was deliberately indifferent to plaintiff's serious medical need when he informed plaintiff that John Doe 3 would not respond after he fell off his bunk on March 3, 2017;

**Count 7** – Menard's policy of not having call buttons in all cells is unconstitutional;

**Count 8** – Plaintiff was deprived of his First Amendment rights when guards refused to give him grievance forms;

**Count 9** – John Doe 4 deprived plaintiff of his First Amendment rights when he or she refused to photocopy plaintiff's grievances prior to him submitting them to the grievance counselor;

**Count 10** – Rodely deprived plaintiff of his First Amendment rights by refusing to respond to his grievances;

**Count 11** – Plaintiff was not given adequate protection in violation of the Eighth Amendment when an enemy of his came to Menard and prison officials refused to transfer him out of Menard.

Before the Court addresses the severance issue, it notes that some defendants have not been associated with any claims. The body of plaintiff's

complaint does not mention John Doe1, otherwise identified as the segregation major, or Jacqueline Lashbrook, the Warden of Menard. The Court is unable to ascertain what claims, if any, plaintiff has against these defendants. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). For that reason, John Doe 1 and Lashbrook are dismissed without prejudice.

Here, plaintiff has brought several discrete groups of claims. Although some counts address the conditions plaintiff experienced in segregation, others address specific events that occurred there. And some of plaintiff's claims are completely unrelated to any issue with the segregation placement. For these reasons, the Court finds that it is appropriate to sever claims into new cases pursuant to *George v. Smith*.

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-

defendant suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act.  *George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(b)(g)).  Claims against different defendants, which do not arise from a single transaction or occurrence (or a series of related transactions/occurrences), and do not share a common question of law or fact, may not be joined in the same lawsuit.  *See* Fed. R. Civ. P. 20(a)(2).  Further, a prisoner who files a "buckshot complaint" that includes multiple unrelated claims against different individuals should not be allowed to avoid "risking multiple strikes for what should have been several different lawsuits." *Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010).  The Court has broad discretion as to whether to sever claims pursuant to Federal Rule of Civil Procedure 21, or to dismiss improperly joined defendants.  *See Owens v. Hinsely*, 635 F.3d 950, 952 (7th Cir. 2011); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

Plaintiff's claims fall roughly into 4 groups:  1) claim regarding the conditions of confinement in segregation at Menard; 2) claims regarding his health issues and the surrounding circumstances; 3) claims regarding the grievance procedure at Menard; and 4) claim that he was not protected when an enemy of his came to Menard.  There are different defendants across the 4 claim groupings, and none of the groups share a common nucleus of facts or events.  For these reasons, the Court shall sever plaintiff's claims into 3 other cases and assess a new filing fee in all of the other cases.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court shall sever the claims in Counts 2-7 into a separate action against Tripp, John Doe 2, and John Doe 3. It will sever the claims in Counts 8-10 into a separate action against Rodely and John Doe 4. Count 11 shall be severed into its own case. The 3 severed cases shall have newly-assigned case numbers. Plaintiff shall be assessed 3 more filing fees for the newly severed cases. The severed cases shall undergo preliminary review pursuant to 1915A after new case numbers and judge assignments have been made.

Count 1 shall remain in this action. A separate order shall be issued in this case to review the merits of that claim. Plaintiff shall be provided with a copy of the merits review order as soon as it is entered. No service shall be ordered on any Defendant at this time, pending the § 1915A review.

## Disposition

**IT IS HEREBY ORDERED** that Defendants Lashbrook and John Doe 1 are **DISMISSED** from this action **without prejudice**.

**IT IS HEREBY ORDERED** that Counts 2-11, which are unrelated to Count 1, are severed into 3 separate cases. The first case shall contain Counts 2-7 and shall be against Tripp, John Doe 2 and John Doe 3. The second case shall contain Counts 8-10 against John Doe 4 and Rodely. The third case shall contain Count 11. Defendants Tripp, Rodely, and John Does 2-4 shall be **DISMISSED** from this case **without prejudice.**

The claims in the newly severed cases shall be subject to merits review pursuant to 28 U.S.C. § 1915A after the new case number and judge assignment is made. In the new cases, the Clerk is **DIRECTED** to file the following documents:

1) This Memorandum and Order
2) The Complaint (Doc. 1)

Plaintiff **will be responsible for an additional $400.00 filing fee** in all 3 of the newly severed cases. No service shall be ordered on the defendant in the severed case until the § 1915A review is completed.

**IT IS FURTHER ORDERED** that the <u>*only claims remaining in this action is Count 1*</u>.

**IT IS SO ORDERED.**

**DATED: June 14, 2017**

Judge Herndon
2017.06.14
10:48:00 -05'00'

**United States District Judge**