# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER CROOM, <br># R23966, <br><br>　　　　　　Plaintiff, <br><br>vs. <br><br>JOHN DOE and <br>COUNSELOR RODELY, <br><br>　　　　　　Defendants. | ) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) | <br><br><br><br><br>Case No. 17-cv-632-NJR |

## **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

In *Croom v. Lashbrook*, Case No. 17-cv-612-DRH (S.D. Ill. July 7, 2017), Plaintiff Christopher Croom, an inmate in Menard Correctional Center ("Menard"), brought suit for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), three First Amendment grievance-related claims against Defendants Rodely and John Doe were severed from that initial action to form the basis for this action, Case No. 17-cv-632-NJR.

This case is now before the Court for a preliminary review of that claim pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> 　　(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> 　　(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the relevant allegations in Plaintiff's Complaint, the Court concludes that this action is subject to summary dismissal.

**The Complaint**

The allegations in Plaintiff's Complaint (Doc. 2) relevant to this severed action are as follows: the guards refuse to pass out grievance forms. (Doc. 1, p. 12). The law library staff also refuses to copy grievances. *Id.* Plaintiff alleges that he submitted thirteen grievances to counselor Rodely in March and April 2017, and that Rodely only responded to two of them. (Doc. 1, pp. 12-13). She ignored the others. (Doc. 1, p. 13).

**Discussion**

In its Severance Order (Doc. 1), the Court designated the following counts to be severed into this *pro se* action. The parties and the Court will continue to use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

    **Count 8 –**     Plaintiff was deprived of his First Amendment rights when guards refused to give him grievance forms;

    **Count 9 –**     John Doe deprived Plaintiff of his First Amendment rights when he or she

> refused to photocopy Plaintiff's grievances prior to him submitting them to the grievance counselor;

**Count 10 –** Rodely deprived Plaintiff of his First Amendment rights by refusing to respond to his grievances.

As discussed in more detail below, these claims will be dismissed for failure to state a claim upon which relief may be granted and for legal frivolity.

### Counts 8, 9, and 10

Generally, a prison official's mishandling of grievances states no claim where the official "otherwise did not cause or participate in the underlying conduct." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The mishandling of grievances by a prison official, more specifically, does not give rise to a First Amendment claim for the denial of access to the courts. The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies before filing a suit in federal court. 42 U.S.C. § 1997e(a). However, administrative remedies are considered to be unavailable under the PLRA when prison officials fail to respond to a prisoner's grievances. *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (citations omitted). In addition, "exhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance." *Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016). A plaintiff who can demonstrate the unavailability of administrative remedies is relieved from the obligation to exhaust administrative remedies and can proceed with his or her suit. *Lewis*, 300 F.3d at 833.

The Complaint fails to state a First Amendment access to the courts claim against either of the defendants for failing to provide Plaintiff with grievance forms, disregarding his

3

grievances, and/or failing to copy Plaintiff's grievances. His access to the courts could not have been impeded by the alleged actions, as the unavailability of administrative remedies, as explained above, is no bar to potential litigants bringing their claims. Further, Plaintiff's claims in Count 8 must be dismissed for an alternative reason, in that Plaintiff failed to associate any specific defendants with that claim. Instead, he claims that "guards" refused to pass out grievances, without further explanation or specification. (Doc 1, p. 12). When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). Counts 8, 9, and 10 shall be dismissed with prejudice for failure to state a claim upon which relief may be granted and for legal frivolity.

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted and for legal frivolity.

This dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious,

Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: August 3, 2017**

*[signature]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**